THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00243-MR

| | |
|---|---|
| MICHAEL W. BELCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ERIK A. HOOKS, Secretary of ) | |
| Department of Public Safety, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Response to the Court's October 5, 2020 Order. [Doc. 7].

Michael W. Belcher (the "Petitioner") is a prisoner of the State of North Carolina who pled guilty in Macon County Superior Court on March 10, 2017 to five counts of possession of a firearm by a convicted felon. The trial court sentenced him to three consecutive terms of 140 months to 180 months in prison. The Petitioner did not appeal his sentence.

On February 22, 2018, the Petitioner filed a Motion for Appropriate Relief ("MAR") in Macon County Superior Court. The Petitioner's MAR was denied on February 28, 2018. The Petitioner did not appeal that denial.

On September 19, 2018, the Petitioner filed an "Application for Writ of Habeas Corpus" in Wake County Superior Court. On September 21, 2018, the Wake County Superior Court denied the Petitioner's Application. The Petitioner did not appeal that denial.

On August 19, 2019, the Petitioner filed a § 2254 Petition for Writ of Habeas Corpus. [Doc. 1]. On October 5, 2020, the Court entered an Order explaining that the Petitioner's habeas petition appeared to be untimely under § 2244(d)(1)(A) because the Petitioner failed to file his habeas petition within one year after the judgment in his case became final. [Doc. 7 at 5]. The Order instructed the Petitioner to show cause why his Petition should not be dismissed as untimely, including any reasons why statutory or equitable tolling might apply. [Id. at 6]. The Court's Order warned that "failure to comply with this Order will result in dismissal of the Petition without further notice." [Id. at 6].

On October 19, 2020, the Petitioner responded to the Court's Order by submitting a copy of his habeas petition. [Doc. 8]. The Petitioner provided no argument as to why statutory or equitable tolling should apply. [Id.]. Accordingly, the Court concludes that statutory and equitable tolling do not apply here.

2

For the reasons stated in the Court's October 5, 2020 Order, the Petitioner's habeas petition is untimely under § 2244(d)(1)(A). Accordingly, the habeas petition is barred by the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 and must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 16, 2020

Martin Reidinger
Chief United States District Judge